**Creitz &
Serebin** LLP

Joseph A. Creitz, Cal Bar No. 169552
joe@creitzserebin.com
Lisa S. Serebin, Cal Bar No. 146312
lisa@creitzserebin.com
250 Montgomery Street, Suite 1400
San Francisco, CA 94104
415.466.3090 (tel)
415.513.4475 (fax)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORN

## SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS GUH, an individual, <br> Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br> Defendant. | Case No.: 15-CV-2034 <br><br> COMPLAINT <br> FOR BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (INSURANCE BAD FAITH) and <br> **DEMAND FOR TRIAL BY JURY** |

Plaintiff Thomas Guh hereby files his Complaint against Defendant

UNUM Life Insurance Company of America ("UNUM"), and alleges as follows:

*GUH v. UNUM, et al., Case No. 15-CV-2034*
COMPLAINT FOR DAMAGES [JURY DEMAND]
1

## I.   JURISDICTION AND VENUE

1.     Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2.     Venue is proper in this Court based upon 28 U.S. C. § 1391(a).

## II.   PARTIES

3.     Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is and at all times relevant hereto was a corporation formed under the laws of the state of Maine with its principal place of business in the state of Maine and is and at all times relevant hereto was an insurance company licensed by the California Department of Insurance to conduct business in the sate of California, and can be found in this district.

4.     Plaintiff Thomas Guh ("Plaintiff" or "Mr. Guh") is an 81-year old grandfather and retiree who at all times relevant hereto was a resident of the City of San Francisco, County of San Francisco, California.

## III.   FACTUAL BACKGROUND

5.     On or around May 1, 2003, Mr. Guh applied, was approved for, purchased, and was issued a policy of Long Term Care insurance from UNUM, Policy No. LAC781106. (the "Policy"). The policy requires an annual premium, which Mr. Guh has always paid timely. The policy provides coverage for 100% of the cost of any nursing facility and/or residential care facility inpatient treatment (*i.e.*, "Long Term Care"), up to $6,000 per month, with no aggregate maximum or limit.

6.     All premiums due on the Policy have been paid. At all relevant times, Mr. Guh performed all obligations under the policy on his part to be performed.

*GUH v. UNUM, et al., Case No. 15-CV-2034*
COMPLAINT FOR DAMAGES [JURY DEMAND]

7.      Due to medical necessity occasioned by his deteriorating health, Mr. Guh has been living under full-time care continuously since approximately April 27, 2014. On or about April 27, 2014, Mr. Guh filed a claim for benefits under his Long Term Care policy with UNUM. UNUM approved benefits for Mr. Guh's medically necessary Long Term Care for the period from April 27, 2014 to May 20, 2014. UNUM unilaterally elected to consider the claim for benefits subsequent to November 13, 2014, as a new claim, and subsequently also approved benefits for the period after November 13, 2014, and is still paying those benefits. However, UNUM denied coverage for Mr Guh's the period from May 20, 2014 to November 13, 2014. There was no difference in Mr. Guh's diagnosis, physical or cognitive abilities, or the medical necessity of his Long Term Care before and after November 13, 2014, and UNUM's selection of that date was arbitrary. Even Mr. Guh's treating physician, a geriatric specialist, wrote a letter stating that Mr. Guh has required continuous Long Term Care since April 2014, but UNUM disregarded the letter and never communicated to Mr. Guh what additional information he could provide in order to perfect his claim for benefits.

8.      Mr. Guh administratively appealed UNUM's denial of benefits for the initial period of his Long Term Care to UNUM's Appeals Unit. UNUM's telephone agent contacted Mr. Guh's guardian to notify her that they were attempting to get the appeal approved, but with no further contract, UNUM then sent a final denial letter denying the Long Term Care benefits for the period prior to November 13, 2014.

/ / /

/ / /

/ / /

*GUH v. UNUM, et al., Case No. 15-CV-2034*
COMPLAINT FOR DAMAGES [JURY DEMAND]

3

### III.    CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### BREACH OF INSURANCE CONTRACT

9.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs as if they were set forth here in full.

10.    At all times relevant hereto, Mr. Guh held an enforceable contract or contracts of insurance with UNUM. The contract required UNUM to pay for Mr. Guh's Long Term Care expenses.

11.    At all times Mr. Guh did all things required of him under his contract with UNUM in order to be at all times fully eligible for the insurance benefits that UNUM refused to pay.

12.    UNUM breached the contract by refusing to pay benefits that were due under the terms of contract.

13.    Wherefore, Mr. Guh prays damages against Defendants as set forth hereinbelow, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (INSURANCE BAD FAITH)

14.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs as if they were set forth here in full.

15.    All insurance contracts issued and/or administered in the State of California have implied in them a covenant of good faith and fair dealing. UNUM breached its duty of good faith and fair dealing owed to Mr. Guh in the following respects:

(a) by intentionally and unreasonably applying the Policy provisions so as to limit UNUM's financial exposure and

contractual obligations and to maximize profits, placing its own

economic interests above those of Mr. Guh;

(b) by unreasonably denying him coverage for the expenses

covered under the Policy;

(c) by misrepresenting the terms of the Policy;

(d) by unreasonably failing to properly investigate Mr. Guh's

claims; and

(e) by unreasonably compelling Mr. Guh to institute litigation to

recover amounts due under the Policy.

16.     Mr. Guh is informed and believes that UNUM has a pattern and practice of delaying claims decisions so as to frustrate insureds' reasonable expectations of prompt payment under Long Term Care policies.

17.     Plaintiff is informed and believes and thereon alleges that UNUM has breached its duties of good faith and fair dealing owed to Mr. Guh by other acts or omissions of which Mr. Guh is presently unaware. Mr. Guh will amend this Complaint at such time as he discovers the other acts or omissions of UNUM constituting such breach.

18.     As a proximate result of the aforementioned wrongful conduct of UNUM, Mr. Guh has suffered damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

19.     As a further proximate result of the aforementioned wrongful conduct of UNUM, Mr. Guh has suffered anxiety, worry, mental and emotional distress, all to his general damage in sum to be determined at trial.

20.     As a further proximate result of the aforementioned wrongful conduct of UNUM, Mr. Guh was compelled to retain legal counsel to obtain benefits under the Policy. Therefore, UNUM is liable to Mr. Guh for those

1  attorney fees reasonably necessary and incurred by Mr. Guh to obtain Policy

2  benefits, in an amount determined at the time of trial.

3    21.  UNUM's conduct described herein was intended by UNUM to

4  cause injury to Mr. Guh or was despicable conduct carried on by UNUM with a

5  willful and conscious disregard of Mr. Guh's rights, subjected Mr. Guh to cruel

6  and unjust hardship in conscious disregard to his rights, and was an intentional

7  misrepresentation, deceit, or concealment of a material fact known to UNUM

8  with the intention to deprive Mr. Guh of property, legal rights or to otherwise

9  cause injury, such as to constitute malice, oppression, or fraud under California

10  Civil Code § 3294, thereby entitling Mr. Guh to punitive damages in an amount

11  appropriate to punish or set an example of UNUM, and to deter similar conduct

12  by it and others in the future.

13    22.  UNUM's conduct in wrongfully denying Long Term Care benefits

14  to Mr. Guh was an unfair act and practice which caused Mr. Guh to suffer a loss

15  of income, a substantial loss of property set aside for personal care and

16  maintenance, and assets essential to his health and welfare. Mr. Guh is a

17  disabled person and senior citizen within the meaning of California Civil Code §

18  3345, and as a consequence of UNUM's wrongful actions herein, Mr. Guh is

19  entitle to a trebling of any punitive damages imposed by the trier of fact

20  pursuant to California Code § 3294.

21

### THIRD CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
### Under Cal. Bus. & Prof. Code § 17200, *et seq.*

22

23

24    23.  Mr. Guh re-alleges and incorporates by reference all of the

25  preceding paragraphs as if they were set forth here in full.

26

27

28  *GUH v. UNUM, et al., Case No. 15-CV-2034*
COMPLAINT FOR DAMAGES [JURY DEMAND]

24.     The California Unfair Competition Act, Cal. Bus. and Prof. Code § 17200, *et seq.* prohibits those during business in the State of California from acting unfairly or unlawfully in their business practices.

25.     In doing the things herein alleged, UNUM was engaging in business practices. The business practices of UNUM alleged herein were both unlawful and unfair, as set forth herein, and allowed UNUM to earn additional incremental profits in excess of those earned by its marketplace competitors who honored their contracts and declined to adjudicate Long Term Care claims in bad faith.

26.     As a direct and proximate result of UNUM's unfair and/or unlawful business practices herein alleged, Mr. Guh was directly injured.

27.     Wherefore, Mr. Guh prays injunctive relief and restitution set forth below.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For a judicial declaration that UNUM breached its contract of insurance with Mr. Guh, and breached the covenant of good faith and fair dealing inherent in said contract;

2.     For an award of damages sufficient to compensate Mr. Guh for his emotional pain and suffering proximately caused by UNUM;

3.     For an award of punitive or exemplary damages in an amount sufficient to punish UNUM for its bad faith conduct and to deter similar conduct by UNUM and by others in the future;

4.     For trebling of any punitive damages pursuant to California Civil Code § 3345;

5.     For an award of Mr. Guh's costs and attorney fees incurred herein;

*GUH v. UNUM, et al., Case No. 15-CV-2034*
COMPLAINT FOR DAMAGES [JURY DEMAND]

6.    For an injunction against UNUM's business practice of denying Long Term Care coverage when the coverage is available under the terms of its insurance policies;

7.    For an award of attorney fees;

8.    For disgorgement and/or restitution of all moneys and/or profits wrongfully earned or obtained by UNUM as the result of its conduct herein alleged; and

9.    For such other and further relief as the Court deems just and proper.

DATED this 5th day of May 2015.

**Creitz&
Serebin LLP**

By /s/ Joseph A. Creitz
     Joseph A. Creitz
     Attorneys for Plaintiff
     Thomas Guh

1
2                                  **JURY DEMAND**
3        Plaintiff hereby demands a jury trial on all claims and causes of action.
4        DATED this 5th day of May 2015.
5
6                                        CREITZ & SEREBIN LLP
7
8                               By    /s/ Joseph A. Creitz
9                                     Joseph A. Creitz
10                                    Attorneys for Plaintiff Thomas Guh
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28    *GUH v. UNUM, et al., Case No. 15-CV-2034*
      COMPLAINT FOR DAMAGES [JURY DEMAND]
                                        9